## BENTON WALKER v. STATE.

No. A-9144.   Jan. 29, 1937.
(64 Pac. [2d] 940.)

Morrill & Snodgrass, for appellant.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of conviction, rendered on the verdict of a jury finding the defendant, Benton Walker, guilty as charged of unlawful possession of a still, used for the manufacture of distilled spirits or liquor, second offense, and fixing his punishment at a fine of $300 and confinement in the county jail for a term of six months.

The information charged:

"That at and within said county and state, on or about the 15th day of March, 1935, and anterior to the filing of this information, Benton Walker, in the county and state aforesaid, and on the day and year aforesaid, did willfully, unlawfully and feloniously, commit a second offense against the prohibitory liquor laws of the state of Oklahoma in the manner and form as follows:

"That on the 5th day of December, 1932, the said Benton Walker was informed against in case No. 1999 in the county court of Jackson county, Oklahoma, for the crime of possession of intoxicating liquor, and did thereafter on the 5th day of December, 1932, appear in open court and enter his plea of guilty to said information and was by the court sentenced to serve a term of thirty (30) days in the county jail and to pay a fine of $50.00 and costs of said action, said court having jurisdiction of said offense, and the said Benton Walker did thereafter serve said sentence.

"That thereafter and on or about the 15th day of March, 1935, the said Benton Walker, having been previously convicted as aforesaid, did then and there in the said county of Jackson, state of Oklahoma, willfully and feloniously, keep and have in his possession a still capable of being used in the manufacture of intoxicating liquor, contrary to," etc.

The undisputed facts are that on the date alleged Sheriff Savage and a deputy discovered a still on the river on the Helm place, about two or three miles northeast of the town of Hedrick; shortly afterwards an automobile drove up, the defendant got out of the car in front of a nearby dugout and said, "Come out and help me unload this damn stuff." The sheriff helped the defendant unload a water tank, then the defendant recognized the sheriff.

It further appears that the defendant, as alleged, was formerly convicted of unlawful possession of intoxicating liquor.

No testimony was given by the defendant or by any witness in his behalf, as both parties rested at the close of the case for the state.

On May 18, 1936, an appeal from the judgment was taken by filing in this court a petition in error with case-made and proper proof of notice.

No briefs have been filed, and no appearance for oral argument made.

Where the defendant appeals from a judgment of conviction and no brief in support of the petition in error is submitted and no appearance for oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony. This court will examine the record proper for jurisdictional errors. If no fundamental error appears, the judgment will be affirmed.

We have examined the record and find that the information is sufficient to charge the offense defined in

the Enforcement Act, section 2608, St. 1931, also as provided by section 2632, providing:

"For all second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50) dollars, nor more than two thousand ($2,000) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the state penitentiary, and it shall be mandatory upon the trial judge in cases where anyone has been convicted under any provision of this act, to pronounce sentence within ten days from the date of conviction."

Upon the record before us we have discovered no error which will warrant a reversal of the judgment.

The judgment of the lower court is accordingly in all things affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.